IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN O. WRIGHT,

                Plaintiff,                ORDER

    v.

                                         15-cv-577-wmc

TODD FISCHER and ADAM TEASDALE,

                Defendants.

---

In this civil action, plaintiff Steven O. Wright brings state law claims arising out of false statements allegedly made by defendants Todd Fischer and Adam Teasdale. Wright invokes this court's jurisdiction under 28 U.S.C. § 1332, asserting that complete diversity exists between the parties. Wright's complaint, however, fails to allege facts sufficient to establish diversity jurisdiction.

The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Seventh Circuit also instructs that "the party seeking to invoke federal jurisdiction[] bears the burden of demonstrating that the requirements for diversity are met." *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

Diversity jurisdiction exists when a complaint shows that there is complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *see also McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (explaining that complete diversity means that "no plaintiff may be a citizen

of the same state as any defendant"). Here, the complaint alleges more than $75,000 in controversy and the allegations of defamation and intentional interference with contract make this at least plausible, particularly given the possibility of punitive damages. The complaint also alleges that plaintiff Wright resides in Iowa while defendants Fischer and Teasdale both reside in Wisconsin. However, it is the *citizenship* of the parties that controls, not residence. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). Furthermore, an allegation that someone resides in a particular state is not an allegation that he is a citizen of that state for purposes of diversity jurisdiction. *See Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905).

As natural persons, Wright, Fischer and Teasdale are considered citizens of the U.S. state of their domicile, provided that they are U.S. Citizens or permanent residents. *See, e.g., Dausch v. Ryske*, 9 F.3d 1244, 1245 (7th Cir. 1993). An individual's domicile is the place where he "intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

Of course, plaintiff and the two defendants are likely "domiciled" in the states in which they reside. The court must nevertheless confirm that complete diversity exists, given that defendants live near the border between Wisconsin and Iowa, the complaint contains no details about the circumstances of plaintiff's residence in Iowa, and the Seventh Circuit's insistence on precision in pleading subject matter jurisdiction. *See Winforge*, 691 F.3d at 867. Wright must, therefore, allege the necessary jurisdictional facts in order to proceed. The court will grant plaintiff leave to file within fourteen days a declaration or affidavit verifying his citizenship and the citizenship of defendants.

ORDER

IT IS ORDERED that:

1) plaintiff shall have until November 5, 2015, to file a declaration or affidavit containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 22nd day of October, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge