IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN O. WRIGHT,

                        Plaintiff,                    ORDER AND ENTRY
v.                                              OF DEFAULT JUDGMENT

                                                              15-cv-577-wmc

ADAM TEASDALE,

                        Defendant.

---

Following the last defendant's default and an evidentiary hearing on damages, the court will now enter judgment in the amount of $28,500 based on the findings and conclusions set forth below.

## BACKGROUND

Plaintiff Steven O. Wright filed this federal diversity action against defendants Adam Teasdale and Todd Fischer for allegedly making defamatory statements that resulted in his losing a job offer from Pattison Sand Co.[1] Specifically, Teasdale told his fellow employees at Pattison that Wright had stolen cattle from his former employer, Todd Fischer, a lie plaintiff claims both Teasdale and Fischer disseminated with express malice. The clerk of court entered default against defendant Teasdale on February 23, 2016, after he failed to answer or otherwise appear in this lawsuit. (Dkt. #12.)

---

[1] After filing a declaration perfecting his allegations regarding the amount in controversy exceeding $75,000 and complete diversity among the parties (dkt. #4), plaintiff established that this court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

On January 13, 2017, plaintiff filed a stipulation to dismiss his defamation and intentional interference with contractual relationship claims against then co-defendant Todd Fischer, who plaintiff alleged originated the cattle theft lie, after those parties and Fischer's insurer, intervening defendant Rural Mutual Insurance Company, reached a settlement agreement. After granting the motion to dismiss, leaving Teasdale as the only remaining defendant, the court further entered an order on March 10, 2017, permitting plaintiff to file, within fourteen days, a motion for default judgment against Teasdale, including all supporting documents. (Dkt. #41.) In that same order, the court directed plaintiff's counsel to make all reasonable efforts to serve defendant Teasdale with the motion, supporting documents and this court's order, as well as file proof of service or an affidavit describing those efforts. (*Id.*) After plaintiff made these filings timely, including an affidavit in which he asserted damages for emotional harm and lost wages caused by Teasdale's defamatory statements, the court scheduled a default hearing for the morning of April 26, 2016.

On the afternoon of April 25, 2016, however, defendant Teasdale contacted the court for the first time, notifying the court by email that he would not be able to appear at the morning hearing the following day in person. To accommodate the defendant, the court rescheduled the original hearing to the afternoon, as well as permitted both parties to appear by telephone. During that telephonic hearing, the court explained that default judgment was appropriate, given that defendant offered no cause for his failure to contact the court, despite having been served with the complaint personally more than fifteen months earlier. Because plaintiff had not made an adequate showing of damages in

2

advance of that hearing, however, the court scheduled an in-person, evidentiary hearing for plaintiff to offer such proof. *See Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014) (upon default judgment, "allegations in the complaint relating to liability are true, but allegations going to damages are not"). This hearing was held on May 19, 2017. Plaintiff and his counsel appeared in person, while Teasdale chose at the last minute to appear by telephone.[2]

OPINION

The court accepts the basic facts as pled in plaintiff's complaint in light of Teasdale's default. *See id.* Combined with the submissions by plaintiff before and during the evidentiary hearing, including Wright's own testimony and that of his daughter, the court makes the following findings of fact and conclusions of law:

1. Having made a false statement to employees at Pattison Sand Co. that plaintiff Steven O. Wright stole cattle from Todd Fischer, defendant Adam Teasdale imputed to plaintiff a criminal offense and damaged his reputation, making him liable to plaintiff for defamation *per se*. *See Starobin v. Northridge Lakes Dev. Co.*, 94 Wis. 2d 1, 287 N.W.2d 747 (Wis. 1980); *Martin v. Outboard Marine Corp.*, 15 Wis. 2d 452, 113 N.W.2d 135 (Wis. 1962).

2. Therefore, plaintiff is entitled to compensatory damages for the harm suffered as a result, including emotional and reputational harm, as well as provable special

---

[2] The court chose the hearing date in substantial part because defendant Teasdale indicated during the telephonic hearing that because it was on a Friday, he did not expect to be working and would be able to appear in person. Regardless, defendant Teasdale failed to notify the court or plaintiff's counsel that he would only be able to appear by telephone until moments before the hearing.

damages, such as loss of employment opportunities. *See Lawrence v. Jewell Cos.*, 53 Wis. 2d 656, 193 N.W.2d 695 (Wis. 1972); WIS JI-CIVIL 2516.

3. Plaintiff's reputation is presumed to have been good at the time defendant made the defamatory statement. *See* WIS JI-CIVIL 2516.

4. Plaintiff is entitled to damages he can prove to a reasonable certainty by the greater weight of the credible evidence. *See* WIS JI-CIVIL 200; WIS JI-CIVIL 2516.

5. Plaintiff was able to offer nothing more than hearsay as proof that he did not receive the job at Pattison *because* of defendant's defamatory statements. Although plaintiff testified credibly that he believed defendant's false statement resulted in a job offer being rescinded, the court is left with nothing but his statements as to what Pattison offered and the reasons he was given for its withdrawal, as well as the contradictory, hearsay statements of Pattison's principal, who stated in a declaration filed by Fischer's counsel that Pattison decided not to interview plaintiff for reasons unrelated to any statements made by Fischer. (Dkt. #25.).

6. On the stand, Mr. Wright was quite credible in describing the emotional harm he suffered as a result of the events at Pattison that Teasdale helped precipitate, and his descriptions were further supported by credible testimony at the hearing from his daughter.

7. Mr. Wright even saw a therapist on an ongoing basis, and he was prescribed a new medication to improve his mental and emotional health after the Pattison incident.

8. That said, Mr. Wright's clinical records disclose a number of longer term issues with respect to his relationship with his children and ex-wife, as well as past periods of depression for which he was already taking medication. Of course, this also demonstrates that Wright was vulnerable to the infliction of further, real emotional anguish by virtue of the actions of the defendants here.

9. In addition to the longer term issues with which Wright continued to struggle in therapy during the relevant damages period, it is striking that his clinical records focus on his litigation problems in Ohio with a former business associate, Joe Connor, and defendant Fischer as a significant source of his attention and anxiety. This at least causes the court to question the relative emotional impact that his perceived loss of a job with Pattison had on his overall emotional health.

10. is is not to say that the Pattison incident did not contribute to his emotional suffering, particularly since it involved the perceived loss of a desirable job for reasons that were both unfair and beyond Wright's control. In terms of causation of stress and depression in Wright's life during this period, however, it is clear that the event involving Pattison was just one of a multiple set of causative factors.

11. The clinical notes also reflect the fact that much of the plaintiff's sense of self worth centered on him having a good paying job. Indeed, the need for therapy seemed to end with him attaining just such a job in July of 2013.

12. Regardless, to use an inadequate metaphor, the Pattison incident was certainly "piling on," and created its own sense of pain, not only as to the loss of a possible good paying job that no doubt lingered until he was able to find a comparable job

some nine months later, but also as to the real possibility his business dispute with Fischer and Connor in Ohio caused more permanent damage to his reputation that would dog his long-term prospects back here in Wisconsin. Still, whatever the additional toll in pain and suffering that the Pattison incident caused, Fischer's role was every bit as impactful as Teasdale's, if not more so.

13. Since defendant offered no evidence to overcome the presumption that plaintiff had an otherwise good reputation, it is certainly credible that defendant's defamatory statements wrongly accusing him of criminal fraud damaged that reputation in the small community in which he lived, as well as in the relatively insular industry in which he desired to work.

14. Although plaintiff pleaded that defendant acted with express malice, he does not claim punitive damages.

15. Given that plaintiff has made a credible showing of mental, emotional and reputational harm, but failed to offer sufficient proof of special damages, the court finds under Fed. R. Civ. P. 55(b)(2) that plaintiff has proved total damages in the amount of $75,000 for the harm caused by defendants Fischer's and Teasdale's defamatory statements.

16. Reducing plaintiff's total damages by the amount received from his settlement with Fischer of $46,500, so as to avoid a double recovery, *see Greene v. Waters*, 260 Wis. 40, 46, 49 N.W.2d 919 (Wis. 1951), defendant Teasdale must pay plaintiff monetary damages in the amount of $28,500.

ORDER

IT IS HEREBY ORDERED that the Clerk of Court is directed to enter judgment in favor of plaintiff Steven O. Wright and against defendant Adam Teasdale in the amount of $28,500.

Entered this 24th day of May, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge